WESTERN DIST.
*Sept.* 1837.

THEALL
*vs.*
THEALL'S
LEGATEES.

## THEALL *vs.* THEALL'S LEGATEES.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARY.

When dispositions *mortis causâ*, exceed the disposable portion, the forced heir can claim his *legitime*, and the deduction necessary to make it up, shall be made *pro rata*, without any distinction between universal and particular legacies.

So where the testator bequeathed his estate, one half to his wife and the other to his brother's children, except a few particular legacies, but leaving a mother as a legatee of particular objects, she is still entitled to her *legitime* of one fourth, and the universal and particular legacies are required to be reduced *pro rata* to make up her legitimate portion.

Where the mother received a legacy of particular objects which belonged to the community between the testator and his wife, she will be bound to account to the widow for one half of their value.

This case commenced by an action of partition between the widow and other legatees of the late Joseph Theall, of the parish of St. Mary. See the case in 7 *Louisiana Reports*, 226.

On the return of the case from the Supreme Court, in 1834, the mother of Joseph Theall, the testator, intervened and claimed her *legitime* of one fourth of all the property of

WESTERN DIST. her deceased son, as forced heir. She had been allowed a
*Sept.* 1837. legacy of several specific objects in the will.

THEALL
*vs.*
THEALL'S
LEGATEES,

The widow of the testator opposed her claim, on the ground, that she had accepted and received a legacy under the will, and is presumed to be divested of her *legitime* by the acceptance of the legacy.

The widow and plaintiff in this case further opposed the intervenors claim, and demanded that if it should be allowed, she be required to renounce her legacy and all the benefits under the will, and that she be ordered to make her election which she will choose, the legacy or the *legitime ;* that she cannot have both, the two being inconsistent with each other.

Upon these pleadings and facts the case was tried. The judge of probates proceeded to allot each legatee his portion. Judgment was rendered decreeing the *legitime* to the intervenor and forced heir, as she claimed, and without requiring her to renounce her legacy under the will.

The plaintiff (widow Theall) appealed.

*Lewis,* for the plaintiff, insisted, that the mother of the testator could not receive her legacy and be entitled to her *legitime.* She must renounce the one if she takes the other.

2. The deduction must be made from all the legacies *pro rata,* if the *legitime* is allowed. The forced heir must contribute from her legacy. *Louisiana Code,* 1498. See also *articles* 1627, 1628.

*Simon,* for the intervenor.

The intervenor in this case, is the forced heir of Joseph Theall, the testator, and is not only entitled to the legacy in the will, by law, but also to her *legitime* or portion, as forced heir of her son. It would, perhaps, be different, if she inherited in concurrence with other forced heirs ; but as to strangers, whose rights as legatees are derived entirely from the will, they cannot deprive her of her *legitime,* nor require her to renounce her legacy. 6 *Toullier, No.* 165. 10 *Ibid., No.* 186. 10 *Dalloz, page* 366. 10 *Sirey* 2, *pages* 7 and 8.

2. The legacy made to the intervenor is not subject to reduction, for it is a particular legacy of certain specific objects, and in supposing that the effects of the succession would not suffice to discharge the particular legacies, after satisfying the *legitime*, the loss is to fall upon the legatees of particular sums of money. *Louisiana Code, article* 1627, 1628.

WESTERN DIST.
*Sept.* 1837.

THEALL
*vs.*
THEALL'S
LEGATEES.

*Bullard, J.*, delivered the opinion of the court.

The mother and forced heir of Joseph Theall, who had received a particular legacy under his will, intervened in the case pending in the Probate Court, for a final partition and settlement of his estate, and claimed one fourth of the property of the testator as her *legitime.* Her right is denied by the widow who is one of the residuary legatees, but she further contends, that even if the intervenor is entitled to one fourth of the estate, she is bound to renounce her specific legacy and restore the same to the mass.

The widow is appellant from a judgment which allowed the forced heir her *legitime*, without any deduction from the legacy she had received.

That part of the Louisiana Code which treats of the reduction of dispositions, and the manner in which it is to be done, establishes the general principle, that " when the dispositions *mortis causâ* exceed either the disposable quantum, or the portion of that quantum after the deduction of the value of donations *inter vivos*, the deduction shall be made *pro rata*, without any distinction between universal dispositions and particular ones." *Louisiana Code, article* 1498.

This article of the Code appears applicable to the case under consideration. A forced heir demands a reduction of donations *mortis causa*, in order to make up to her that portion which the testator could not validly dispose of, and the will contains both kinds of disposition.

The article 1628 of the Louisiana Code, on which the counsel for the appellee relies, provides, it is true, that " if the effects do not suffice to discharge the particular legacies, those of particular *objects* must first be taken out, and the surplus be proportionally divided among the legatees of sums

When dispositions *mortis causâ* exceed the disposable portion, the forced heirs can claim their *legitime*, and the deduction necessary to make it up shall be made *pro rata*, without any distinction between universal and particular legacies.

So, where the testator bequeathed his estate, one half to his wife, and the other half to his brother's children, except a few particular legacies, but leaving a mother, as a legatee of particular objects, she is still entitled to her *legitime* of one-fourth, and the universal and particular legacies are required to be reduced *pro rata* to make up her *legitime* portion.

WESTERN DIST. of money." But the article immediately preceding (1627)
*Sept.* 1837. appears to recognize the same principle of reduction for the
benefit of forced heirs. It declares that "particular lega-
BAKER cies must be discharged in preference to all others, even
*vs.* though they may exhaust the whole succession, or all that
TOWLES's
ADMX. ET AL. remains after the payment of the debts, and the *contribution*
Where the mo-
ther received a
legacy of parti- *for the legitimate portion in case there are forced heirs.*"
cular objects,
which belonged It appears that the objects bequeathed to the forced heir
to the communi-
ty between the belonged to the community, and we are of opinion she is
testator and his bound to account to the widow for one half of their value.
wife, she will be
bound to account
to the widow for It is, therefore, ordered, adjudged and decreed, that the
one half of their
value. judgment of the Court of Probates be reversed, and it is fur-
ther ordered, that the case be remanded with directions to the
Probate Court to proceed to the partition and settlement of
the succession, and the deductions in order to make up the
*legitime* of the forced heir, according to the principles stated
in this decree, and that the appellee pay the costs of this
appeal.